UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE MARINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-CV-26 CAS |
| | ) | |
| U.S. BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Great Seneca Financial's ("Great Seneca") motion for summary judgment.[1] Defendant asserts that the uncontroverted material facts establish that the claims asserted by plaintiff are the subject of a prior settlement agreement and that the applicable statute of limitations bars the claims against Great Seneca. On August 6, 2008, plaintiff filed an opposition to Great Seneca's motion, and asked that this case be set for trial. For the following reasons, the Court will grant defendant Great Seneca's motion for summary judgment.

**Standard of Review.**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

---

[1]This motion was filed as a motion to dismiss or for summary judgment. By order dated August 5, 2008, the Court informed the parties that pursuant to Federal Rule of Civil Procedure 12(d), the Court would construe the motion as a motion for summary judgment. See Doc. 42. The Court granted plaintiff additional time to respond, and specifically ordered her to submit a statement of material facts as to which she contended a genuine dispute exists pursuant to Local Rule 4.01(E). Id.

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether the moving party has met its burden, all evidence and inferences are to be viewed in the light most favorable to the non-moving party. Johnson v. Enron Corp., 906 F.2d 1234, 1237 (8th Cir. 1990).

**Facts.**

Local Rule 4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

Despite being specifically ordered to submit a statement of material facts as to which she contends a genuine issue exists, plaintiff failed to submit such a statement as required by Rule 4.01(E). See Docs. 42 and 43. As a result, for purposes of this motion plaintiff is deemed to have admitted all facts that were not specifically controverted. See Deichmann v. Boeing Co., 36 F. Supp.

2

2d 1166, 1168 (E.D. Mo. 1999); see also Reasonover v. St. Louis County, Mo., 447 F.3d 569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. Local Rule 4.01(E) where no timely response was filed); Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E. D. Mo. Local Rule 4.01(E)). The Court accepts the following facts as true for purposes of resolving defendant Great Seneca's motion for summary judgment.

On September 6, 2005, Great Seneca filed a petition in the Circuit Court of Wayne County, Missouri, against plaintiff Michele Marino seeking damages for a breach of contract by plaintiff. In response to the petition, plaintiff filed a counterclaim against Great Seneca and a third-party petition against defendant US Bank alleging many of the same facts and claims against Great Seneca as she raises in her complaint in this case. The parties resolved all issues involved in the state court lawsuit in a settlement agreement. See Mot., Ex. 1 and Ex. 7 at ¶ 5. By the terms of the settlement agreement, the parties dismissed all claims with prejudice. See Ex. 1 and Ex. 7 at ¶ 6.

Great Seneca fully complied with the terms of the settlement agreement. See Ex. 7 at ¶¶ 7-10. Great Seneca did not violate any court orders in connection with plaintiff, the action in the Circuit Court of Wayne County, or the settlement of the claims. Id. Great Seneca never made a report to any credit reporting agency regarding plaintiff and the subject debt. Id. at ¶ 11. Great Seneca never sold the account that formed the basis of its state court lawsuit against plaintiff to any other person or entity, including to defendant First Resolution. Id. at ¶ 12.

**Discussion.**

Plaintiff's complaint makes the following allegations against Great Seneca: "Great Seneca Financial is in violation of a court order and Fair Debt collections ACT [sic] and Fair Credit Reporting Act." Compl. at § I(b). The only other mention of Great Seneca in the complaint is as follows: "I was advised by both Great Seneca and US banks Attorney to send copy of the order certified mail." Id. at § IV. In her response to Great Seneca's motion for summary judgment, plaintiff essentially restates these allegations.

Read in a light most favorable to plaintiff, her complaint appears to allege many of the same facts as did her state court counterclaim. Compare Compl. at I, V, and VI., with Ex. 4 at ¶¶ 3, 4, 8-10. Specifically, both claims allege defendants sued plaintiff for an amount that she had already paid, and that she suffered insurance rate increases, credit denials, harassment, and humiliation as a result. Id. According to the terms of the settlement agreement entered in the underlying state court action, however, the parties agreed to dismiss all their claims and counterclaims against one another with prejudice.

To the extent plaintiff's complaint alleges the same facts as her underlying counterclaim, (albeit retitled as violations of the Fair Credit Reporting Act and the Fair Debt Collections Act), these claims were dismissed with prejudice, and this Court is prohibited from exercising jurisdiction. Pursuant to the Rooker-Feldman doctrine, the Court must give the same preclusive effect to this state court judgment as would the state court. The Rooker-Feldman doctrine holds that the inferior federal courts lack jurisdiction to review a state court's final judicial determination. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). "Under the legislation of Congress, no court of the United States other than [the

4

Supreme] court [can] entertain a proceeding to reverse or modify the [state court] judgment . . . ." Rooker, 263 U.S. at 416; see 28 U.S.C. § 1257. Federal district courts are prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court. See Ace Construction v. City of St. Louis, 263 F.3d 831, 832 (8th Cir. 2001).

To the extent plaintiff is suing to enforce the settlement agreement, Great Seneca is entitled to summary judgment. Pursuant to the settlement agreement, Great Seneca was required to (1) dismiss with prejudice its claims against plaintiff; (2) not issue plaintiff a U.S. Tax form 1099; and (3) not report to any taxable income of plaintiff to the Internal Revenue Service ("IRS"). See Ex. 1, Agreement and Release, at ¶ 1. Based on the record before the Court and the undisputed facts, Great Seneca has fully complied with the terms of the settlement agreement. See Def. SOF at ¶¶ 7-9. Great Seneca dismissed its underlying case with prejudice. It did not issue a Form 1099 to the IRS, and did not report any taxable income to the IRS. See id. Moreover, it never made a report to any credit reporting agency regarding Ms. Marino and the subject debt. See id. Therefore, judgment in favor of defendant Great Seneca is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Great Seneca Financial's motion for summary judgment is **GRANTED**. [Doc. 23]

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of August, 2008.