**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MICHELLE MARINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:08-CV-26 CAS |
| ) | |
| US BANK, GREAT SENECA FINANCIAL, ) | |
| FIRST RESOLUTION INVESTMENT, ) | |
| EQUIFAX, TRANS UNION, and ) | |
| EXPERIAN, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF DISMISSAL

On March 10, 2008, plaintiff was ordered to show cause, within twenty (20) days, why this case should not be dismissed for her failure to comply with a Court Order. The show cause order was precipitated because plaintiff had failed to participate in preparing a joint proposed scheduling plan and appear for the Rule 16 Conference as ordered by the Court. In the show cause order, plaintiff was warned that absent a reasonable explanation for her failure to comply, her action would be dismissed. Plaintiff did not respond to the order.

A district court has the power to dismiss an action if "the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." Smith v. Gold Dust Casino, 526 F.3d 402, 404 (8th Cir. 2008). See also Fed. R. Civ. P. 41(b); Skelton v. Henry, 390 F.3d 614, 619 (8th Cir. 2004). Such a dismissal may be taken on the court's own motion and may be exercised under the court's inherent power to control its docket. Id.; Link v. Wabash R.R. Co., 370 U.S. 626, 629-33 (1962); Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971). Here, plaintiff ignored the Court's show cause order, and from all appearances, it would seem she has abandoned prosecution

of this case. Therefore, the Court will dismiss plaintiff's cause of action.

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned cause of action is **DISMISSED, without prejudice,** for plaintiff's failure to prosecute and to comply with the Court's orders.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of April, 2009.